122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andranik MINASIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 97-70071, Awu-ycx-iwi.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Andranik Minasian, a native and citizen of Armenia, petitions pro se for review of a Board of Immigration Appeals ("BIA") order affirming an immigration judge's ("IJ") denial of Minasian's application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition in part and dismiss for lack of jurisdiction in part.
 
 
 3
 Minasian contends that he was denied adequate translation services at his asylum hearing. This contention lacks merit. An applicant challenging his or her translation services must show that "a better translation would have made a difference in the outcome of the hearing." Acewicz v. INS, 984 F.2d 1056, 1063 (9th Cir.1993). Here, while Minasian claims that the interpreter failed to provide the correct spelling of an Armenian political party, he does not explain how this assigned error made any difference in the outcome of the hearing or what information he was prevented from presenting as a result of the error. See Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994) (stating that applicant's inadequate translation argument failed because the applicant did not indicate what, if anything, she would have said differently if given the opportunity). Accordingly, the BIA properly rejected Minasian's inadequate translation argument.
 
 
 4
 We lack jurisdiction to consider Minasian's remaining arguments because he failed to present them to the BIA. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994). In any event, there is no basis for overturning the BIA's decision.
 
 
 5
 PETITION FOR REVIEW DENIED in part and DISMISSED in part.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, petitioner's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3